SUMMONS ISSUED

UNITED STATES DIESTRICT COURT

EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

ANGEL LUIS HERNANDEZ,                                :

: CIVIL ACTION

            Plaintiff,

CV 13 - 4624

   -Against-

DEARIE, J.

THE CITY OF NEW YORK, THE POLICE
DEPARTMENT OF THE CITY OF NEW YORK   :
JUSTIN CRACCHIOLA, Shield No. 9588,
Individually and in his official capacity               :
ANTHONY MASSONI, Shield No. 19053,

REYES, M.J

Individually and in his official capacity               :
_____X

    ANGEL LUIS HERNANDEZ, alleges the following as his complaint:

Nature of the Action

1. This civil rights action arises from the August 17, 2011 unlawful arrest and malicious prosecution of ANGEL LUIS HERNANDEZ. The actions and conduct of the defendant officers are the result of a policy, practice, custom and deliberate indifference on the part of the defendant City of New York

Jurisdiction

1

2. This action arises under the United States Constitution and 42 U. S. C. Section 1983. This Court has subject matter jurisdiction pursuant to 28 U. S. C. Section 1331 and 1343(3).

## Venue

3. Under 28 U. S. C. Section 1391(b), venue is proper in the Eastern District of New York because the events forming the basis of Plaintiff's complaint occurred in that District.

## Parties

4. LUIS ANGEL HERNANDEZ is a citizen of the United States of America residing in the State and City of New York, County of Kings.

5. Defendant CITY OF NEW YORK is a Municipal Corporation with New York State. Pursuant to Section 431 of its Charter, the City of New York has established and maintains the New York City Police Department as a constituent department of agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6. Defendant JUSTIN CRACCHIOLA, Shield No. 9588 was at all times relevant a duly appointed and acting employee of the New York City Police Department

7. Defendant ANTHONY MASSONI, Shield No. 19053 was at all times relevant a duly appointed and acting employee of the New York City Police Department

8. At all times relevant the individual defendants were acting under the color of state law.

9. The individual defendants involved in the incidents underlying this lawsuit were at all times relevant an agent, servant and employee within the scope of their employment by defendant City of New York.

### Facts Underlying
### Plaintiff's Claim for Relief

10. On August 17, 2011 beginning at around 06:45p.m in and around 336 21st Street, Brooklyn, New York in the County of Kings, defendants CRACCHIOLA and MASSONI caused Plaintiff's arrest and prosecution.

11. At that time MR. HERNANDEZ was in public and not violating any laws

12. At this point, defendant CACCHIOLA directed two male police officers to arrest MR. HERNANDEZ. Plaintiff was publicly handcuffed and escorted from 21st Street_.

13. MR. HERNANDEZ was thereafter transported to and held, upon information and belief, at the 72nd Precinct Stationhouse. He was stripped to his t-shirt and boxers.

14. Defendant CRACCHIOLA falsely charged MR. HERNANDEZ with violating New York Penal Law Sections 220.16, 220.39 and 220.03.

15. The individual defendants thereafter caused or allowed these false charges to be forwarded to prosecutors, and MR. HERNANDEZ was prosecuted under Kings County Criminal Court Docket Number 2010KN066068.

16. MR. HERNANDEZ was arrested, jailed and charged and prosecuted even though he had not committed these offenses.

17. On or about October 12, 2010 and after several court appearances, all charges against MR. HERNANDEZ were dismissed in a manner not inconsistent with his innocence.

18. AS a result of the foregoing, MR. HERNANDEZ suffered the shock, anguish, debasement, fright and humiliation of being publicly arrested and imprisoned. MR. HERNANDEZ, among other things, sustained loss of freedom and was forced to appear multiple times in Kings County Criminal County to answer the baseless charges.

19. At all times relevant, in arresting, imprisoning and prosecuting. MR. HERNANDEZ, the individual defendants herein acted intentionally, willfully, maliciously, negligently and with reckless disregard for an deliberate indifference to plaintiff's rights and physical and mental well-being.

### FIRST CLAIM FOR RELIEF
### VIOLATING PLAINTIFF'S RIGHT TO BE
### FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER
### THE FOURTH AMENDMENT OF THE UNITED STATES CONSITTUTION

20. Plaintiff repeats the allegations of paragraphs 1-19 as though fully stated here.

21. By the activities described above, the individual defendants deprived LUIS ANGEL HERNANDEZ of rights secured by the Constitution and laws of the United States in violation of 42 U. S. C. Section 1983, including, but not limited to, his right to be free from arrest or search, except on probable cause of pursuant to warrant.

22. As a consequence thereof LUIS ANGEL HERNANDEZ has been injured.

## SECOND CLAIM FOR RELIEF
## FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE
## FROM UNREASONABLE SEARCHES AND SEIZURES UNDER ARTICLE
## I, SECTION TWELVE OF THE NEW YORK STATE CONSTITUTION

23. Plaintiff repeats the allegations of paragraphs 1-19 as though fully stated here.

24. By the actions described above, the individual defendants deprived LUIS ANGEL HERNANDEZ of rights secured by the Constitution of the State of New York, including, but not limited to, his right to be free from arrest or search except on probable cause or pursuant to warrant.

25. As a consequence thereof, plaintiff has been injured.

## THIRD CLAIM FOR RELIEF
## FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE
## UNITED STATES CONSTITUTION

26. Plaintiff repeats the allegations of paragraphs 1-19 as though fully stated here.

27. Plaintiff suffered a deprivation of liberty resulting from government seizure in the form of legal process, being compelled, under threat of issuance of an arrest warrant and arrest, to appear in Criminal Court to answer the baseless charges on numerous occasions until the

charges were dismissed in a manner indicative of the plaintiff's innocence.

28. As a consequence thereof, plaintiff Luis Hernandez has been injured.

### FOURTH CLAIM FOR RELIEF
### FOR VIOLATING PLAINTIFF'S RIGHT UNDER THE
### SIXTH AMENDMENT OF
### THE UNITED STATES CONSTITUTION

29. Plaintiff repeats the allegations of paragraphs 1-19 as is set forth in full herein.

30. By the actions described above, and by filing or allowing to be filed false allegations with the Criminal Court of the City of New York, the individual defendants deprived plaintiff of rights secured by the United Stets Constitution, including, but not limited to, his right to a fair trial.

### FIFTH CLAIM FOR RELIEF
### AGAINST THE CITY OF NEW YORK FOR CAUSING THE
### VIOLATION OF PLAINTIFF'S RIGHTS UNDER
### THE UNITED STATES CONSTITUTION

31. Plaintiff repeats the allegations of paragraphs 1-19 as is set forth in full herein.

32. The violation of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution,

plaintiff's damages, and the conduct of the individual defendants were directly and proximately caused by the actions of defendant City of New York, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

a. Legal cause to stop, detain, arrest, and criminally charge a citizen;

b. The use of force by police officers.

c. The proper exercise of police powers, including but not limited to the making of an arrest, the use of force, and the bringing of criminal charges.

d. The monitoring of officers whom it knew or should have known war suffering from emotional and/or psychological problems that impaired their ability o function as officers;

e. The failure to identify and take remedial or disciplinary steps against police officers who were the subject of prior civilian or internal complaints of misconduct;

    f. The failure of police officers to follow established policies, procedures, directives, and instructions regarding arrests, the use of force or to achieve ends not reasonably related to their police duties.

    g. The failure to properly discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other New York city Police Officers.

WHEREFORE, plaintiff respectfully requests:

A. Compensatory damages as to all defendants in the amount of $500,000;

B. Punitive damages as to all defendants;

C. Reasonable attorney's fees and costs as to all defendants.

D. Such other, further and different relief and may appear just and appropriate.

Dated: Brooklyn, New York
       August 6, 2013

*[signature]*
Alden T. Lewis, Esq.

## VERIFICATION

LUIS ANGEL HERNADEZ, being duly sworn, deposes and says:

1. I am the plaintiff in the within action.

2. I have read the foregoing complaint and know the contents thereof; the same is true to my own knowledge except as to those matters stated to be true upon information and belief and as to those matters I believe them to be true.

X *[signature]*

LUIS ANGEL HERNANDEZ

Sworn to before me

This 6th day of August 2013

*[signature]*

NOTARY PUBLIC

KAMAL P. SONI
Notary Public, State of New York
No. 01SO6089949
Qualified in Kings County
Commission Expires March 31, 2015